Dear Mr. Koupal:
This opinion letter is in response to your question asking:
 Can an irrevocable, unconditional guarantee by a Business Firm of a bank loan, the proceeds of which are utilized by a Neighborhood Organization (as defined in 32.105(7) RSMo) qualifying for Neighborhood Assistance, constitute Financial Assistance?
 Until now, "Financial Assistance" has been limited to outright cash contributions, or forfeited interest on certain loans to Neighborhood Assistance projects.
Based on the information you have provided, it is our understanding that the Center of Contemporary Arts (COCA), an organization qualified as a "Neighborhood Organization" pursuant to Section 32.105(7), RSMo 1986, of the Neighborhood Assistance Act, is currently indebted to Mark Twain National Bank in the amount of $150,000. The remaining term of the loan is five years with loan payments due every six months. Pursuant to a proposed three-way agreement between COCA, the Mark Twain National Bank, and four or five individuals, the obligation to repay the debt is to be delegated to the individuals conditioned upon them qualifying for the state tax credit available under the Missouri Neighborhood Assistance Act, Sections 32.100 to32.125, RSMo 1986.
The proposed agreement is to be structured as a "novation" of the original loan. That is, the original loan contract is to be extinguished and the original debtor completely released from all future liability with regard to repayment of the loan. A new loan contract is executed with the new debtor who is exclusively responsible for repayment.
In our opinion, the execution of such a novation contract by an individual qualifying as a "business firm," as that term is defined in Section 32.105(1), RSMo 1986, would qualify that individual for the state tax credit available under the Missouri Neighborhood Assistance Act if approved by the Director of the Division of Community Development of the Department of Economic Development. Section 32.110, RSMo 1986, provides that any business firm engaging in the activities of providing neighborhood assistance shall receive a tax credit as provided in Section 32.115 if the Director of the Division of Community Development annually approves the proposal of the business firm and the proposal has been endorsed by the local government as one in keeping with the overall community or neighborhood development plan. Tax credits may also be allowed if the Director of the Division of Community Development determines that investments by a business firm for neighborhood assistance can be accomplished through contributions to a neighborhood organization.
"Neighborhood assistance" is defined in Section32.105(6), RSMo 1986, as "furnishing financial assistance, labor, material, or technical advice to aid in the physical improvement or rehabilitation of any part or all of a neighborhood area." There is nothing in this definition or any other section of the Neighborhood Assistance Act which would restrict the term "financial assistance" to the direct contribution of cash or the waiver of interest due on a loan to a neighborhood organization. An agreement by which a neighborhood organization is released from all future liability with regard to repayment of a loan certainly qualifies as "financial assistance" to that neighborhood organization.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General